# IN THE COURT OF APPEALS OF IOWA

No. 16-0586
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOUGLAS LEE CUNNINGHAM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.


        Douglas Cunningham appeals the district court's denial of his motion to suppress. **AFFIRMED.**


        Daniel J. Rothman of McEnroe, Gotsdiner, Brewer, Steinbach & Rothman, P.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

At approximately 8:30 p.m. one evening, a DEA (Drug Enforcement Administration) traffic force officer assigned to a West Des Moines case received a report of a hit-and-run accident "about five blocks" away from him. The dispatcher described the fleeing vehicle as "a silver Cadillac with a white male driver" headed towards Jordan Creek Parkway. The officer drove towards Jordan Creek Parkway. As he was turning onto the parkway, he saw several vehicles. Only one was light-colored. The officer stopped the vehicle. After making the stop, he realized the car was a Buick rather than a Cadillac and was gold rather than silver.

The officer arrested Cunningham for operating a motor vehicle while intoxicated. The State subsequently charged him with OWI (first offense). *See* Iowa Code § 321J.2 (2015). Cunningham moved to suppress the evidence gained in connection with the vehicle stop. He asserted "[a]t the time of the stop the officer had no basis to stop [the] vehicle." The district court denied the motion. Cunningham waived his right to a jury trial, and the district court found him guilty on the stipulated minutes of testimony. This appeal followed.

Cunningham contends his vehicle was stopped in violation of the federal and state constitutions, which protect citizens against unreasonable searches and seizures. U.S. Const. amend IV; Iowa Const., art. I, § 8. He acknowledges the officer could stop the vehicle if there existed "reasonable suspicion of criminal activity." *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011). But, in his view, "there are just too many mismatches to

support a finding that [the officer] had more than a hunch that [his] vehicle was involved in a hit-and-run accident."

On our de novo review of this constitutional issue, we disagree. As the district court stated,

> Based on the fact that the vehicle fit the general description of the vehicle described by dispatch and the proximity of the vehicle to the location of the accident and the time of the accident, and there was no other vehicle in the area that matched the description, the officer stopped the vehicle to investigate.
> . . . .
> [T]he officer had the following factors: (1) there was a specific crime; (2) the perpetration of the crime was very close in time and location to the stop; (3) the vehicle he stopped was reasonably consistent with the description he had been given of the vehicle involved in the crime; and (4) there were no other vehicles in the immediate area that met that description.

We concur in this analysis. Although darkness prevented the officer from distinguishing silver from gold or the make of the vehicle, the officer correctly identified the gender and race of the driver and stopped the only "light-colored" vehicle in the vicinity within minutes of receiving the dispatch. *See State v. Knight*, 853 N.W.2d 273, 277 (Iowa Ct. App. 2014) (stating "a mistake of fact may justify a traffic stop."). We conclude the officer had reasonable suspicion to stop the vehicle and the district court appropriately denied Cunningham's motion to suppress.

**AFFIRMED.**